## COLEMAN *v*. SMITH.

[87 South. 7, No. 21302.]

JUDGMENT. *Decree in equity binding only on parties.*

A decree in equity is binding only on the parties to the suit in which it was rendered.

APPEAL from circuit court of Alcorn county.

HON. C. P. LONG, Judge.

Action by C. W. Smith against H. M. Coleman. Judgment on a directed verdict for the plaintiff, and defendant appeals. Reversed and rendered.

*W. J. Lamb,* for appellant.

*W. C. Sweat,* for appellee.

No brief found in the record by counsel of either side.

SMITH, C. J., delivered the opinion of the court.

The appellee sued the appellant on a promissory note executed by the appellant to W. R. Denton. The right of the appellee to sue on the note is set forth in the declaration as follows:

"That on the 7th day of April, 1919, the chancery court in vacation, by decree recorded in Minute Book 9, p. 156,

of the chancery clerk's office of Alcorn county, subrogated
this plaintiff to all of the rights of W. R. Denton in the
said note and trust deed, and it thereby became the duty
of the defendant to pay this complainant the amount
called for by the said note with interest thereon and ten
per cent. attorney's fees provided therein."

At the close of the evidence the court refused to direct
a verdict for the appellant, but directed one for the ap-
pellee, and there was a judgment accordingly. It appears
from the evidence that Coleman purchased from Denton
an automobile for future delivery, that Smith turned over
to Coleman an automobile which he then owned under an
agreement that Denton should deliver to Smith the auto-
mobile purchased from him by Coleman, for which Cole-
man would pay Denton. Coleman then made the promis-
sory note here sued on payable to Denton and secured it
by a deed of trust on certain property and delivered both
the note and the deed of trust to the clerk of the chancery
court for delivery by him to Denton after the deed of trust
had been recorded. When Smith called on Denton for the
automobile that he agreed to sell Coleman, Denton de-
clined to deliver it; his reason therefor not being mate-
rial in view of the point on which our decision will turn.
Denton also declined to accept or receive from the chan-
cery clerk the note and deed of trust executed by Coleman.
Afterwards Smith attempted by an original bill in the
chancery court to force Denton to specifically perform his
contract with Coleman to deliver to him (Smith) the auto-
mobile alleged to have been purchased from Denton by
Coleman, but did not make Coleman a party defendant
thereto. On the final hearing a decree was rendered dis-
missing this bill and adjudging:

"That the said C. W. Smith is hereby subrogated to all,
the right and benefits in said trust deed, that the said de-
fendant, W. R. Denton, had in and by virtue of said trust
deed."

The only right claimed by Smith to sue on the note is
such as was conferred on him by this decree, but we are

not called on to determine what right was thereby intended to be conferred, for as Coleman was not a party to the decree it, of course, is not binding on him, and in so far as he is concerned it conferred no right on Smith, for which reason the peremptory instruction requested by Coleman should have been granted.

Reversed, and judgment here for appellant.

*Reversed.*